Many of the critical findings of fact, and the observations in the evidence from which they are derived, are based on assumptions about the condition of plaintiff's back. As plaintiff and his witness described the car starter incident, plaintiff's exertion was so slight that any worsening of his condition would have to be considered a consequence of his prior injury or condition, and not a separate intervening injury. The disagreement among the doctors described in Finding of Fact #17 was more apparent than real, due partly to the varying uses of the term "herniation". All the soft spine films agreed that plaintiff had a disk bulge. The key question was whether the disk had an interior rupture. Depo. of Dr. Gwinn, p. 13; Depo. of Dr. Dhillion, p. 28; Depo. of Dr. Derian, pps. 12 and 54. Dr. Gwinn testified that this is sometimes difficult to tell from the film they viewed, and agreed that the discogram that Dr. Derian recommended would be a reasonable way to determine this. Depo. of Dr. Gwinn, p. 30. I acknowledge that this is a close question, but I would prefer to exercise our discretion to obtain this test before deciding the case with finality, and thus respectfully offer this DISSENT.
 S/ __________________ J. RANDOLPH WARD COMMISSIONER
JRW:md